No. C-371-D10492-1290856-A

83,604-01

Lionell Frazier Jr

Vs

State of Texas

In The 371st Judicial

District Court of

Tarrant County Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 14 2015

Abel Acosta, Clerk

## Notice To Amend

To The Honorable Justice of the Court of Appeals:

Come now, Lionell Frazier Jr herby notify this court his intent to add the following ground. This is ~~not~~ a replacement of the original but a supplement to writ in the above cause.

## Ground

Violation of Fifth, Sixth and Fourteenth Amendment: Counsel failure to object to perjured testimony, Prosecutor used perjured testimony to convict, Violating due process.

Facts — Applicants Counsel was ineffective by failing to object to perjured testimony knowing testimony was false. Officer Thomas stated under oath that he was hospitalized with or from a hyperextended leg injury. Counsel knowingly did not object to this perjured testimony knowing it was false. There is no medical record showing or proving Officer Thomas's testimony. See pages 23, 24 and 30 of The States Memorandum of Finding of Facts and Conclusion of LAWs, you will find that my Counsel knew there where not any medical records and what the prosecutor intention's was. Counsel should have objected to leave error on appeal.

Prosecutor Knowingly and intentionaly used perjured

testimony to get a conviction. By allowing Officer Thomas to state that he was hospitalized and suffered from a hyperextended leg injury, under oath with no medical records. The jury will find Applicant guilty just because there was a Officer involed.

## Memorandum of Supplement

To apply the Strickland standard. First Defendent must show that counsels performance was deficient. Second, he must show that the performance perjudiced the defense.

As for the first prong, Counsels failure to object to the perjured testimony forfeited any error associated with the objection on appeal. Counsels failure to object was unreasonable under prevailing professional norm's and was not sound trial strategy. The failure to object to Officer Thomas perjured testimony at its earliest oppertunity was untainly unprofessional and no conceivable trial strategy could justify failing to object to the admessability of the perjured testimony. Butter Vs State 716 S.W. 2d 48 Hernandez Vs State 726 S.W. 2d 52-57 Tex Crim Miranda Vs State 993 S.W. 2d 323.

As for Second prong, there is not only a reasonable probability, but reasonable certainty that for Counsel's unprofessional errors the result of the proceeding would have been different had the Counsel objected to the perjured testimony it would have not entered to inflame and prejudice the defence and deny any due process. The record in Applicants case is sufficient to address this claim as there can be no reason justified by trial strategy for failure to object to the admissability of the perjured testimony to raise a claim on appeal. Rodriguez Vs Quarterman 535 F.Supr 2d 820. 327 fed Appx 466.

Constitutional Law ᵒʳ 268(9) Knowingly use of perjured testimony by prosecutor in obtaining conviction violales defendents due process rights and denies accused fair trial U.S.CA Cont Amends 6, 14

C.A-5 (Tex) 2002: In oder to obtain Habeus relief on

false testimony grounds petitioner must show 1) The evidence was false 2) That evidence was material and 3) That prosecution know that evidence was false Beltran Vs Cockrell 294 F.3d 730, Valles Vs. Lynough 835. F.2d 126.

First ground, Officer Thomas knowingly used false testimony that he was hospitalized from a hyperextended leg injury that he sustain doing the incedent. Prosector knowingly allowed Officer Thomas to use perjured testimony saying that he was hospitalized, to convict, knowing the evidence was false.

Second ground, The evidence was material, because the only evidence is Officer Thomas testimony which all they needed to convict. The prosecutor's untruthful act affected the course and the outcome of the Official proceeding also violated Applicant Constitutional Right and due process rights. Faulder Vs Johson 81 F.3d 515

Third ground, The prosecution has a duty to disclose exculpatory evidence or any evidence that is against the Applicant and his Counsel has to build a strategy off this evidence. Evidence that is material to the outcome of the case. See Brady Material (Cases Criminal Law key 359-1992). Prosecutor would have brought forth any evidence like medical records to make Applicant take the plea bargain, The Prosecutor know there where not any evidence of Officer Thomas going to the hospital or recieving medical attention. Prosecution knew that if he got Officer Thomas to state that he went to the hospital the jury would convict with no evidence of Officer going to hospital, Even if that ment Violating Applicant's rights. See pages 23,24 and 30 of the States Memorandum Findings of Facts and Conlusion of Law. Stating that Officer Thomas said that he was injured and hospitalized. Prosecution knew there was no evidence of any of these things. Prosecutor is a worker of the State. There job is to make sure justice is served the proper way. To make sure all the elements to convict are true.

## Conlusion and Prayer

Applicant request that the Court allow this supplement to be added to Habeas Corpus Application, also request that the court not hold it againt him, that his intention are well placed. I pray that the court grant Applicant some relief by this ground.

## Inmate Declaration

I Lionell Frazier Jr #1820764 being presently incarcerated in the Coffield Unit of Texas Department of Criminal Justice Institutional Division in Anderson County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct Executed on this 9 of August 2015.

Lionell Frazier Jr
#1820764